1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK NATHANIEL WASHINGTON, | No. 1:24-cv-01055-SAB (PC) |
| Plaintiff, | ORDER STRIKING PLAINTIFF'S FIRST AMENDED COMPLAINT, DENYING MOTION TO EXCEED 25-PAGE LIMIT, RETURNING FIRSTAMENDED COMPLAINT TO PLAINTIFF, AND GRANTING THIRTY TO DAYS TO FILE AN AMENDED COMPLAINT |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | (ECF Nos. 13, 14) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

On May 12, 2025, the Court screened Plaintiff's complaint, found no cognizable claims for relief, and granted Plaintiff thirty days to file an amended complaint, limited to 25-pages in length. (ECF No. 10.)

On June 25, 2025, Plaintiff filed a first amended complaint, along with a motion to exceed the 25-page limitation. (ECF Nos. 13, 14.) Plaintiff's first amended complaint is 423 pages in length, consisting of 41 pages of factual allegations and 382 pages of exhibits. (ECF No. 14.)

Federal Rule of Civil Procedure 8 requires that allegations in a complaint "be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). Pursuant to Rule 8, this Court limits complaints to

twenty-five pages.  See Lal v. United States, No. 2:20-cv-00349 JAM DB P, 2022 WL 37019, at *2 (E.D. Cal. Jan. 3, 2022); Williams v. Corcoran State Prison, No. 1:21-cv-01009-JLT-BAM (PC), 2022 WL 1093976, at *1 (E.D. Cal. Apr. 12, 2022). The page limit includes the complaint itself and any exhibits, for a total of 25-pages. See Rivas v. Padilla, No. 1:21-cv-00212-GSA PC, 2022 WL 675704, at *2 (E.D. Cal. Mar. 7, 2022).

In this instance, Plaintiff has not demonstrated good cause for exceeding the 25-page limitation, and Plaintiff's first amended complaint consisting of 423 pages is clearly in contravention of the Court's May 12, 2025, screening order and Rule 8.  With regard to submission of exhibits, Plaintiff is advised that there is no need to submit evidence in support of his alleged complaint.  The Court must accept Plaintiff's allegations as true. Indeed, parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court).  (See ECF No. 8 at 3:10-13 ["Evidence improperly submitted to the Court may be stricken/returned. Similarly, a pro se plaintiff need not attach exhibits to his complaint to prove the truth of what is said in the complaint."].)  Further, it appears that the majority of Plaintiff's exhibits attached to the first amended complaint relate to exhaustion of the administrative remedies.  However, Plaintiff need not plead or prove exhaustion of the administrative remedies as it is an affirmative defense to be raised and briefed by Defendants.  Jones v. Bock, 549 U.S. 199, 216 (2007); see also Fordley v. Lizarraga, 18 F.4th 344, 353 (9th Cir. 2021) ("[T]he failure to exhaust administrative remedies is an affirmative defense for which defendants bear the initial burden of showing that an administrative process was available ... and also bear the ultimate burden of proof.") (citations omitted); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) ("Failure to exhaust under the PLRA is an affirmative defense the defendant must plead and prove.") (citation omitted).  Accordingly, Plaintiff's motion to exceed the 25-page limit shall be denied and the first amended complaint will be stricken from the record.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion to exceed the 25-page limitation is DENIED;

2.    Plaintiff's first amended complaint (ECF No. 14) is STRICKEN from the record

and shall be returned to Plaintiff;

3.    The Clerk of Court shall send Plaintiff a civil rights complaint form;

4.    Plaintiff is granted **thirty (30)** days from the date of service of this order to file a first amended complaint limited to 25-pages, including exhibits; and

5.    Failure to comply with this order will result in a recommendation to dismiss the action.

IT IS SO ORDERED.

Dated:   **July 1, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3