# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK NATHANIEL WASHINGTON, *formerly known as* E-87177,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION, et al.<br><br>Defendants. | Case No. 1:24-cv-01055-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING APPLICATIONS TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF Nos. 32, 41)<br><br>**FOURTEEN-DAY DEADLINE** |

In this matter, which is pending on appeal, Plaintiff has again moved to proceed *in forma pauperis*. (ECF No. 32, 41.) On July 2, 2024, the Hon. Chi Soo Kim issued findings and recommendations recommending that Plaintiff's initial application to proceed *in forma pauperis* be denied under the three strikes rule with no imminent danger exception, which the District Judge adopted. (ECF Nos. 3, 6.) Plaintiff then paid the filing fee, and on September 5, 2024, this matter was transferred to the Fresno Division of the Eastern District of California and reassigned to the Hon. Kirk E. Sherriff and the Hon. Stanely A. Boone. (ECF Nos. 7, 27.) Thereafter, Plaintiff litigated this case through the District Judge's order dismissing Plaintiff's complaint for failure to state a claim and accompanying judgment. (ECF Nos. 36, 37.)

Following both the issuance of findings and recommendations as well as the District Judge's order dismissing Plaintiff complaint, Plaintiff filed notices of appeal and concurrently filed motions to proceed *in forma pauperis*. (ECF Nos. 32, 41.) For the substantially similar

reasons Judge Kim recommended denying Plaintiff's initial application, the Court will also recommend denying the presently filed applications.

**I.**

**THREE STRIKES RULE**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit demonstrating that the person is unable to pay such fees. However, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. "It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's *in forma pauperis* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an *in forma pauperis* complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th

Cir. 2017).

An inmate who accrues three strikes is precluded from proceeding *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, a plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

**II.**

**PLAINTIFF'S PRIOR STRIKES**

Court records reveal that on March 26, 2003, in the Eastern District of California, Plaintiff was declared a three-strikes litigant in Washington v. Early, No. 1:99-cv-06590 OWW LJO P (E.D. Cal.) (ECF No. 45).[1] In that case, the Magistrate Judge discussed that at least one court had found Plaintiff to be subject to 28 U.S.C. § 1915(g) based on his filing of three or more actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Id., May 25, 2000 Findings & Recommendations, ECF No. 20 (E.D. Cal. Mar. 26, 2003) (citing Washington v. Gomez, No. C 98-1831 TEH (PR), 1998 WL 296370 (N.D. Cal. June 1, 1998); Washington v. Gomez, No. C 96-4188 THE, 1996 WL 724895 (N.D. Cal. Dec. 4, 1996); Washington v. Gomez, No. C 96-4064 THE, 1996 WL 682026 (N.D. Cal. Nov. 15, 1996); Washington v. Gomez, C 96-3252 THE, 1996 WL 557609 (N.D. Cal. Sept. 19, 1996); Washington v. Cambra, No. C 96-2816 THE, 1996 WL 479069 (N.D. Cal. Aug. 13, 1996); Washington v. Cambra, No. C 96-2722 THE, 1996 WL 478965 (N.D. Cal. Aug. 12, 1996)).[2]

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[2] The listed cases were litigated under the name "Roderick Washington," with inmate identification number E-87177. Plaintiff was released from custody on December 17, 2008. See Washington v. Duvey, No. CV F-07-01615 LJO WMW HC (E.D. Cal. Jan. 21, 2009) (ECF No. 38, p. 1). The current action was filed under "Roderick

Each of these six cases relied on the following three cases that were determined to be strikes under 28 U.S.C. § 1915(g): Washington v. Cambra, No. 3:95-3356 TEH (N.D. Cal. Oct. 2, 1995) (order of dismissal); Washington v. Cambra, No. 3:95-3641 TEH (N.D. Cal. Nov. 7, 1995) (order of dismissal); and Washington v. Cambra, No. 3:95-3763 TEH (N.D. Cal. Nov. 20, 1995) (order of dismissal). On March 26, 2003, the District Judge adopted the findings and recommendations and dismissed the case without prejudice based on Plaintiff's failure to pay the filing fee in full. Washington v. Early, No. 1:99-cv-6590 OWW LJO P (E.D. Cal. Mar. 26, 2003) (ECF No. 45).

The Court takes judicial notice of the lawsuits set forth above as well as the findings of the Court in Washington v. Early, No. 1:99-cv-6590 OWW LJO P (E.D. Cal.). Each prior case was dismissed well before the instant action was filed on June 25, 2024, and none of the strikes have been overturned. Thus, the Court finds that Plaintiff is precluded from proceeding *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**III.**

**IMMINENT DANGER**

In his complaint, plaintiff claims that his Eighth Amendment rights were violated during his transport from North Kern State Prison to Ironwood State Prison on October 25, 2023. Plaintiff contends he was transported in paper underwear and a paper jumpsuit and was required to endure a 10-to-12-hour bus ride in restraints with only one bathroom break, and only a sip of water after 7 or 8 hours. (ECF No. 1, pp. 9, 11.) He contends the waist chains and leg irons were used as punishment in a degrading manner and deprived plaintiff of his liberty of

---

Nathaniel Washington," with inmate identification number BV-9457, who was last returned to state custody on September 7, 2023. CDCR Inmate Locator website, https://ciris.mt.cdcr.ca.gov/search (accessed Nov. 2, 2026). Review of Plaintiff's prior filings confirms that Roderick Washington and Roderick Nathaniel Washington are the same individual. For example, Washington v. Baca, No. CV 02-cv-08130 CBM AJW (C.D. Cal.), filed by Roderick Washington, was related to Washington v. Baca, No. CV 99-11226-CBM (AJW) (C.D. Cal.). In Case No. CV 99-11226, on October 25, 2000, Plaintiff's case was dismissed without prejudice to Plaintiff's right to refile the action after payment of the filing fee in full. Id. (ECF No. 36). Review of Plaintiff's filings in the Central District of California reveals that his address and inmate identification number have been updated to reflect his current inmate identification number BV-9457 and address. See id. Moreover, on September 18, 2003, the United States Court of Appeals for the Ninth Circuit found Plaintiff's appeals in Nos. CV-96-6580-MRP, CV-02-8130-CBM, and CV-03-2305-RGK lacked merit, and served a copy of the order on Plaintiff, inmate identification number E-87177, at Corcoran State Prison. In re Roderick Washington, No. 98-80627, ECF No. 128 (9th Cir. Sept. 18, 2003).

movement. (Id. at p. 11.) Plaintiff also claims that the California Department of Corrections and Rehabilitation does not have an adequate inmate grievance system, and Plaintiff generally complains about incidents that took place in 2000 when he was previously incarcerated. (Id. at pp. 15, 17.) Plaintiff includes a retaliation claim, alleging that defendants deprived Plaintiff of his right to be free from threats and intimidation, and interfered and withheld Plaintiff's grievances. Finally, Plaintiff also alleges racial discrimination, but does not specifically identify what acts were taken, if any, with discriminatory animus.

Plaintiff's allegations fail to demonstrate he faced an imminent danger of serious physical injury at the time he filed the instant action on June 25, 2024. Nothing in Plaintiff's complaint identifies a specific danger to Plaintiff's physical safety at the time he filed the instant action. Therefore, the imminent danger exception does not apply.

**IV.**

**CONCLUSION AND RECOMMENDATION**

The Court finds that plaintiff failed to meet his burden under 28 U.S.C. § 1915(g). Accordingly, the Court RECOMMENDS that the applications to proceed *in forma pauperis* be DENIED. (ECF Nos. 32, 41.)

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Objections, if any, shall not exceed **fifteen (15) pages**. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.

/ / /

/ / /

/ / /

/ / /

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge